UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY DOANE EDGE *and*
DEBORAH SUSAN EDGE,

    Defendant.

Criminal No. 14-201 (MJD/TNL)

**ORDER ON PRETRIAL MOTIONS**

> Katherine T. Buzicky, Assistant United States Attorneys, **United States Attorney's Office**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for the Government;
>
> Robert W. Owens, Jr., **Owens Law, L.L.C.**, 5270 West 84th Street, Suite 300, Bloomington, MN 55437, for Defendant Anthony Doane Edge; and
>
> Manvir K. Atwal, **Office of the Federal Defender**, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, for Defendant Deborah Susan Edge.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following Motions:

1.     The Government's Motions for Discovery (ECF Nos. 22, 23);

2.     Defendants' Motion for Disclosure of Rule 404 Evidence (ECF Nos. 41, 61);

3.     Defendant's Motions for Discovery and Inspection (ECF Nos. 39, 64);

1

4. Defendants' Motion for Release of Brady Materials (ECF No. 40) and Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 63);

5. Defendants' Motion to Retain Rough Notes and Evidence (ECF Nos. 47, 67);

6. Defendant Anthony Edge's Motion for Disclosure of Jencks Act Material (ECF No. 42);

7. Defendant Anthony Edge's Motion for Disclosure of post Conspiracy Statements of Co-Defendants (ECF No. 43);

8. Defendants' Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 65) and Motion for Disclosure of Expert Witness Testimony (ECF No. 44);

9. Defendant Anthony Edge's Motion to produce Grand Jury Testimony (ECF No. 45);

10. Defendant Anthony Edge's Motion to Compel Production of Guideline Sentencing Information (ECF No. 46);

11. Defendant Anthony Edge's Motion to Sever Counts (ECF No. 48);

12. Defendant Anthony Edge's Motion to Sever Defendant (ECF No. 49);

13. Defendant Anthony Edge's Motion to Exclude Evidence of Other Crimes (ECF No. 50);

14. Defendant Anthony Edge's Motion for Counsel to Participate in Voir Dire (ECF No 51); and

15. Defendant Deborah Edge's Motion for Bill of Particulars (ECF No. 62).

On September 2, 2014, the Court held hearings on the aforementioned Motions. After the hearings, the parties provided written submissions to the Court. Assistant United States Attorney Katherine Buzicky appeared at the hearing on behalf of the Government. Robert W. Owens, Jr., appeared on behalf of Defendant Anthony Edge. Manny Atwal appeared on behalf of Defendant Deborah Edge.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motions for Discovery (ECF No. 22, 23) will be **GRANTED IN PART AND DENIED IN PART** as follows: The Motions seek discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. The Motions are **GRANTED IN PART**, and to the extent that they have not already done so, Defendants shall provide the Government with the requested materials under the Federal Rules. To the extent that such information has already been provided, the Motions are **DENIED AS MOOT.**

2. Defendants' Motions for Disclosure of Rule 404 Evidence (ECF Nos. 41, 61) are **GRANTED IN PART AND DENIED IN PART** as follows:  Defendants seeks immediate disclosure of any evidence that the Government intends to offer at trial under Fed. R. Evid. 404(b).  The Government acknowledges its discovery obligations under Fed. R. Evid. 404(b) and advises that it intends to comply fully with those obligations.

The Government objects, however, to immediate disclosure of such evidence and to the extent that it is required to provide notice that it intends to use such evidence as "intrinsic" evidence. *See United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010) ("Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." (quotation omitted)). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense." *Id.*  It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to

the crime charged is not other crimes evidence."). Therefore, 14 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence that the Government intends to offer that is within the purview of Fed. R. Evid. 404(b).

3. Defendants' Motion for Discovery and Inspection (ECF Nos. 39, 64) shall be **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows: The Government represents that it has satisfied its discovery obligations by disclosing all known, relevant information in its control to Defendant. Accordingly, to the extent that the Government has produced responsive information, Defendant's Motions are **DENIED AS MOOT**. The Government acknowledges its discovery obligations, and advises the Court that it has and will comply with its obligations under the Federal Rules of Criminal Procedure. Therefore, 14 days prior to trial, the Government shall disclose to Defendant all available evidence under Fed. R. Civ. P. 16. To the extent that any other responsive information remains in the Government's control and has not yet been produced, the Motions are **GRANTED**.

4. Defendants' Motion for Release of Brady Materials (ECF No. 40) and Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant (ECF No. 63) will be **GRANTED** as follows: The Government is aware of its obligations under *Brady v. Maryland*, 373, U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. The Government shall continue to comply fully with *Brady*, *Giglio*, and their progeny, and disclose all exculpatory evidence.

5. Defendants' Motions to Retain Rough Notes and Evidence (ECF Nos. 47, 67) will be **GRANTED** as follows: Defendants' Motions seek an order directing the Government

4

to direct all of its agents involved in this case to preserve any rough notes pertaining to this case, in whatever form they may exist. The Government does not oppose the Motions and agrees to instruct agents to preserve rough notes. The Government shall direct its agents involved in this case to preserve any rough notes pertaining to this case.

6. Defendant Anthony Edge's Motion for Disclosure of Jencks Act Materials (ECF No. 42) will be **DENIED** as follows: Defendant's Motion seeks disclosure of all material required under the Jencks Act, 18 U.S.C. § 3500, at least two weeks before trial. The Government objects to the Motion. Indeed, courts may not order the pretrial disclosure of Jencks Act materials. *See, e.g.*, *United States v. White*, 750 F.2d 726 (8th Cir. 1984). Although the Government may not be required by the Court to disclose Jencks Act material before trial, it has represented that it intends to disclose such materials one week before trial. In light of this representation, the Court will **DENY** the Motion.

7. Defendant Anthony Edge's Motion to Disclose Post-Conspiracy Statements of Co-Defendant (ECF No. 43) will be **DENIED AS MOOT** in part and **DENIED WITHOUT PREJUDICE**. Defendant Anthony Edge seeks an order compelling the Government to provide "notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any defendant or unindicted co-conspirator, together with a designation [of] which statement or confessions the government plans to so utilize" and granting leave to file "motions for severance, suppressions, and/or in limine as indicated by the government's response and a review of the relevant *Bruton* materials." (ECF No. 43.) To the extent that the requested statements encompass exculpatory or impeaching *Brady* materials or Jencks Act materials, they shall be

5

produced in accordance with this Order as set forth above, and the Motion is **DENIED AS MOOT**. To the extent that Defendant's Motion seeks statements beyond those that encompass *Brady* or Jencks materials, the determination of how best to redact the statements to prevent prejudice as discussed in *Bruton v. United States*, 391 U.S. 123 (1968), is an issue the trial judge. *See Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (incriminating character of a codefendant's confession depends upon the other evidence introduced at trial). Accordingly, as it relates to any co-defendant's statements beyond those that encompass *Brady* or Jencks materials, the Motion is **DENIED WITHOUT PREJUDICE.**

8. Defendants' Motions for Discovery and Inspection (ECF No. 39, 64), Defendant Anthony Edge's Motion for Disclosure of Expert Witness Testimony (ECF No. 44), and Defendant Deborah Edge's Motion for Discovery of Expert (ECF No. 65) shall be **GRANTED IN PART** and **DENIED AS MOOT IN PART** as follows: To the extent that the Government has produced responsive information, Defendant's Motions are **DENIED AS MOOT**. The Government acknowledges its discovery obligations, and advises the Court that it has and will comply with its obligations under the Federal Rules of Criminal Procedure. Therefore, 14 days prior to trial, the Government shall disclose to Defendant all available evidence under Fed. R. Civ. P. 16. To the extent that any other responsive information remains in the Government's control and has not yet been produced, the Motions are **GRANTED**.

9. Defendant Anthony Edge's Motion to produce Grand Jury Testimony (ECF No. 45) will be **DENIED** as follows: Defendant seeks the Grand Jury testimony of any

witness who will testify at the suppression hearing. No witness who testified at the suppression hearing testified to the Grand Jury. Accordingly, the Motion is **DENIED**.

10. Defendant Anthony Edge's Motion to Compel Production of Guideline Sentencing Information (ECF No. 46) will be **DENIED** as follows: Defendant seeks an order compelling the Government to produce "Guideline Sentencing material." Defendant fails, however, to provide any constitutional or statutory obligation that requires the Government produce such information, and such information is beyond the scope of Rule 16. Accordingly, the Motion is **DENIED**.

11. Defendant Anthony Edge's Motion to Sever Counts (ECF No. 48) will be **DENIED** as follows: The "joinder of all offenses against a defendant is a favored practice" in federal court. *United States v. Humphreys*, 982 F.3d 254, 259 (8th Cir. 1992), *cert. denied*, 510 U.S. 814 (1993). "Severance will be allowed upon a showing of real prejudice to an individual defendant." *United States v. Bostic*, 713 F.2d 401, 403 (internal quotations and citation omitted). Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 538 (1993); *United States v. Shivers*, 66 F.3d 938, 939 (8th Cir.), *cert. denied*, 516 U.S. 1016 (1995). "'A defendant can show real prejudice either by showing that his defense is irreconcilable with the defense of his codefendant . . . or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.'" *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010) (quoting *Shivers*, 66 F.3d at 940).

Defendant Anthony Edge has failed to overcome the preference for joint trials in federal court. He has not offered any support for his argument that his Fifth Amendment rights will be jeopardized or that the jury will face "insurmountable difficulty" distinguishing evidence between the several counts. (Def.'s Mot. to Sever, ECF No. 48, at 1.) He has also failed to make any showing that his defense is irreconcilable with Defendant Deborah Edge's defense or that the jury will be unable to compartmentalize the evidence as it relates to the counts against the individual defendants. The Court determines that Defendant Anthony Edge has failed to show that he would suffer real prejudice unless the counts are severed, and accordingly his Motion to Sever is **DENIED.**

12.     Defendant Anthony Edge's Motion to Sever Defendant (ECF No. 49) will be **DENIED** as follows: Defendant Anthony Edge seeks an order directing that his case and that of Defendant Deborah Edge be severed because (1) the Defendants are not properly joined under Federal Rule of Criminal Procedure 8(b), (2) the jury will have insurmountable difficulty distinguishing his alleged acts from those of his co-defendant, and (3) evidence may be introduced that would implicate spousal privileges.

"There is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro*, 506 U.S. at 536, and "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002); *see also United States v. Payne*, 923 F.2d 595, 597 (8th Cir. 1991).

Here, the Superseding Indictment charges both Defendants with production of child pornography. Although both Defendants are not charged in every count, Rule 8(b) provides that "all of the defendants need not be charged in each count," and in any event, "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). Moreover, the risk of prejudice posed by a joint trial can be "best cured by careful and thoughtful jury instructions," *id.*, rather than by severance.

With respect to Anthony Edge's third argument, federal courts recognize two marital privileges: the marital confidential communications privilege and the adverse spousal testimony privilege. *United States v. Espino*, 317 F.3d 788, 795 (8th Cir. 2003). The marital confidential communications privilege applies to communications between spouses made in confidence while they are married and not separated. *United States v. Evans*, 966 F.2d 398, 401 (8th Cir. 1992). In such circumstances, a defendant may invoke his privilege to prevent his spouse from testifying to the content of any such confidential communications, even after the marriage has ended. *Id.* The adverse spousal testimony privilege prevents either spouse from being compelled to testify or prevented from testifying against a person to whom he is married at the time of trial. *Espino*, 317 F.3d at 796. This privilege belongs to the testifying spouse and may not be waived without the consent of the defendant spouse. *Id.*

Here, Defendant Anthony Edge asserts that evidence "may be introduced" at trial that "may raise spousal immunity conflicts." (ECF No. 49.) He fails, however, to offer any "specific information as to what testimony might implicate the marital privilege, how

9

the interplay between the testimony and the marital privilege would prejudice [him] in a joint trial with [his spouse], or how severing the trials would avoid the prejudice." *United States v. Taggart*, No. 4:07CR00142 JLH, 2008 WL 2705109, at *5 (E.D. Ark. July 8, 2008). The great weight of authority permits joint trials of co-defendant spouses. *See United States v. Esch*, 832 F.2d 531, 538 (10th Cir. 1987); *United States v. Vaccaro*, 816 F.2d 443, 450 (9th Cir. 1987); *United States v. Harrelson*, 754 F.2d 1153, 1177-78 (5th Cir. 1985); *United States v. Galvan*, No. 04-CR-403-LTB, 2006 WL 1659610, at *2-3 (D. Colo. June 8, 2006); *United States v. Burger*, 773 F. Supp. 1430, 1438-39 (D. Kan. 1991); *United States v. Dowdy*, 738 F. Supp. 1283 (W.D. Mo. 1990); *United States v. Freeman*, 694 F. Supp. 190 (E.D. Va. 1988); *United States v. Petty*, 602 F. Supp. 996, 997-98 (D. Wyo. 1984). Moreover, in light of Defendant Anthony Edge's failure to provide any specific evidence that he will be prejudiced by a joint trial with his wife, his Motion to Sever Defendants (ECF No. 49) will be **DENIED.**

13.   Defendant Anthony Edge's Motion to Exclude Evidence of Other Crimes (ECF No. 50) will be **DENIED** as follows: Defendant seeks an order excluding any and all evidence of other alleged criminal or wrongful acts. This Motion concerns what evidence will be introduced at trial, an issue best left for the trial judge. Accordingly, Defendant's Motion will be **DENIED WITHOUT PREJUDICE**.

14.   Defendant Anthony Edge's Motion for Counsel to Participate in Voir Dire (ECF No. 51) is premature and raises issues relating to trial procedure best addressed by the trial judge. Accordingly, this Motion (ECF No. 51) will be **DENIED WITHOUT PREJUDICE.**

15.     Defendant Deborah Edge's Motion for a Bill of Particulars (ECF No. 62) will be **DENIED** as follows: Defendant Deborah Edge requests a bill of particulars enumerating the sexually explicit conduct charged in Count 1.[1] "An indictment is sufficient if it informs the defendant of the charge and permits [her] to plead [her] conviction as a bar to another prosecution," *United States v. Key*, 717 F.2d 1206, 1210 (8th Cir. 1983) (citations omitted), and to minimize the element of surprise at trial. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991). A "bill of particulars is not a proper tool for discovery." *United States v. Hester*, 917 F.2d 1083, 1084 (8th Cir. 1990). The Government represents that h Defendant Deborah Edge and defense counsel have had an opportunity to view the materials underlying Count 1 of the Superseding Indictment. In light of these opportunities and the Government's representation to continue to comply with its obligation under 18 U.S.C. § 3509(m) to make such materials reasonably available in advance of trial, the Motion (ECF No. 62) is **DENIED.**

16.     All prior consistent orders remain in full force and effect.

17.     Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

---

[1] Defendant's Motion also takes issue with the Indictment's use of "including but not limited to" and requests a Bill of Particulars to specifically enumerate what images the government accuses Deborah Edge of possessing. (ECF No. 62.) The Government filed a Superseding Indictment on September 24, 2014, limiting Count 10 to the possession of two specified computer files. Accordingly, to the extent the Motion for a Bill of Particulars seeks clarification of Count 10, the Motion will be denied as moot.

**IT IS SO ORDERED.**

Dated:   November 3, 2014               <u>s/ Tony N. Leung</u>
                                        Tony N. Leung
                                        United States Magistrate Judge
                                        District of Minnesota


*United States of America v. Edge et al.*
File No. 14-cr-201 (MJD/TNL)